IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KENNETH COBLE, | § | |
| | § | No. 28, 2016 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1004005380 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: March 8, 2016
Decided: April 28, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices

## **O R D E R**

This 28th day of April 2016, after careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, the Court concludes that the December 18, 2015 order of the Superior Court dismissing the appellant's second motion for postconviction relief should be affirmed. The motion was subject to summary dismissal because it was the appellant's second motion for postconviction relief following his 2011 guilty plea.[1] The appellant also failed to plead with

---

[1] Super. Ct. Crim. R. 61(d)(2) (effective June 4, 2014) (providing that a second or subsequent motion for postconviction relief shall be summarily dismissed unless the movant was convicted after trial and pleads with particularity a claim that the movant is actually innocent or a claim that a new rule of constitutional law is retroactively applicable and renders the conviction invalid).

particularity the existence of new evidence that created a strong inference of actual innocence or a new rule of constitutional law that was retroactively applicable. Although the Superior Court erroneously applied the provisions of Superior Court Rule 61 that were in effect before the appellant filed his second Rule 61 petition on September 1, 2015,[2] we nonetheless affirm the judgment below on the independent and alternative grounds stated in this Order.[3]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice

---

[2] *See Collins v. State*, 2015 WL 4717524, *1 (Del. Aug. 6, 2015) (holding, among other things, that the version of Rule 61 in effect at the time the Rule 61 petition was filed controlled the Court's analysis of the motion).

[3] *Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (noting that the Delaware Supreme Court may affirm a trial court's judgment for reasons different than those articulated by the trial court).